IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2018 DEC 17 AM 11:56
STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT M. LANE,<br><br>Defendant. | Case No. 16-CR-0060-SWS |

## ORDER DENYING MOTION TO APPROVE HOLIDAY TRAVEL WITHOUT CONDITIONS

This matter comes before the Court on Defendant Robert Lane's pro se *Expedited Motion to Approve Holiday Travel for Robert M. Lane to see his Children and Grandchildren without Discriminatory Conditions* (ECF No. 75). Mr. Lane asks the Court to order that he be allowed to travel over the holidays without any conditions while on supervised release and "order that no further conditions be placed upon the approval of his travel beyond written federal policies without the Court's permission." (*id.*). Upon full consideration of Mr. Lane's motion and supporting materials as well the position of his probation officer, the Court finds as follows:

### DISCUSSION

Robert Lane pled guilty to one count of falsification of records in a bankruptcy proceeding on January 4, 2017. (ECF No. 61). He was sentenced to eighteen months of incarceration and one year of supervised release (ECF No. 73). He has served his sentence

of incarceration and is currently under the supervision of a United States Probation Officer in Nevada. As part of the standard conditions of his supervised release, Mr. Lane is required to live at a place approved by his probation officer, notify his probation officer of changes in residence ten days in advance, and is not to leave the district where he is authorized to reside without getting written permission from the court or the probation officer. (*id.* at 5).

According to Mr. Lane, he has successfully traveled out of state several times while on supervised release without conditions. (ECF No. 75). On December 3, 2018, he formally requested permission from his probation officer to travel from December 28, 2018 to January 5, 2019, to "Indianapolis, IN and to on to Kentucky, Tennessee, NC, SC, WV & OH." (ECF No. 75-2 at 10). Mr. Lane indicated he wants to visit several national parks and historic sites with his son and visit his daughter and grandchildren in North Carolina. (*id.*). He also requested that he be allowed to travel to see another son in Washington D.C. in late January. (ECF No. 75 at 5). His probation officer conditionally approved the requests provided he provided detailed hotel and flight information and that he "maintain [his] residence in Las Vegas." (ECF No. 75-2 at 15). Mr. Lane was displeased with these new conditions and met with his probation officer on December 6, 2018 to discuss them. (ECF No. 75-1 at 6). His probation officer agreed to relax some of the hotel information conditions but would not alter the residence condition. (*id.*). On December 13, 2018, Mr. Lane filed his motion contending his probation officer attempted to impose unreasonable conditions on his planned holiday travel. (ECF No. 75). Specifically, he argues that he should not have to pay weekly rent on his unoccupied residence while he travels and that

such a condition imposes a financial hardship such that he is not able to visit his family. (*id.* at 11). He seeks an order from this Court relieving him of the conditions imposed on his holiday travel (*id.* at 13).

After careful consideration, the Court will deny Mr. Lane's request. He must comply with the conditions of his supervised release. His probation officer is required to keep informed of his "conduct, condition, and compliance" with his release conditions. *See* 18 U.S.C. § 3603. After discussion with his probation officer, it has been made clear to the Court that Mr. Lane's unstable residence makes supervision difficult. Following many of his travels Mr. Lane has had to move units in the weekly rate motel he resides in or change motels all together. This constant moving makes monitoring challenging and does not comply with his release conditions regarding change of residence. Mr. Lane's options are supervised release with conditions or incarceration. This Court strongly believes Mr. Lane prefers the former. The Court commends Mr. Lane for his otherwise good behavior while on supervised release and urges him to cooperate with his probation officer moving forward.

## CONCLUSION

For the above reasons, Mr. Lane's pro se *Expedited Motion to Approve Holiday*

*Travel for Robert M. Lane to see his Children and Grandchildren without Discriminatory Conditions* (ECF No. 75) is DENIED.

Dated this 17TH day of December, 2018.

Scott W. Skavdahl
United States District Judge